IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

MAR - 4 2015

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| DONALD PAYNE, JR., and | § | |
| STEPHANIE TAYLOR, individually | § | |
| and on behalf of her minor | § | |
| children, GRADY PAYNE and | § | |
| M.D.T., | § | |
| | § | |
| Plaintiffs, | § | |
| Counter-Defendants, | § | NO. 4:14-CV-473-A |
| | § | (Consolidated with |
| VS. | § | NO. 4:14-CV-596-A) |
| | § | |
| GREGORY SCOTT BAKER, | § | |
| | § | |
| Defendant, | § | |
| Counter-Plaintiff. | § | |

MEMORANDUM OPINION
and
ORDER

Came on for consideration the following motions, filed in the above action by plaintiffs, Donald Payne, Jr. ("Don"), and Stephanie Taylor ("Taylor"), individually and on behalf of her minor children, Grady Payne and M.D.T: (1) motion for remand, and (2) motion for leave to file a second amended complaint ("Motion to Amend"). Defendant, Gregory Scott Baker, filed a response to the Motion to Amend, and plaintiffs filed a reply. Having considered all of the parties' filings, the proposed second amended complaint, and the applicable legal authorities, the court concludes that plaintiffs' motions should be denied.

I.

Background

Plaintiffs initiated this action by filing their original complaint and request for temporary restraining order against defendant[1] in the District Court of Tarrant County, Texas, 236th Judicial District.  Following the filing of defendant's amended notice of removal, the court ordered plaintiffs to file by July 7, 2014, an amended complaint that complied with the Federal Rules of Civil Procedure and the local civil rules of this court.

Plaintiffs timely filed their amended complaint, to which defendant filed an answer, counterclaim, and partial motion to dismiss.  Plaintiffs also filed a motion to dismiss defendant's counterclaim.  The court denied plaintiffs' motion to dismiss, and on November 3, 2014, partially granted defendant's motion, dismissing plaintiffs' claims against him for assault and intentional infliction of emotional distress.

By order signed November 4, 2014, the court ordered the parties to this action to participate in a face-to-face settlement conference in the court's alternate jury room, and to then report to the court the results of such conference.  No settlement was reached, and on December 9, 2014, the court

---

[1]Plaintiffs also originally named Caleb Baker as a defendant, but dismissed him on August 5, 2014, due to lack of personal jurisdiction.

2

entered its scheduling order.  Plaintiffs filed the instant

motion on January 23, 2015.

II.

Plaintiffs' Claims

A.   State Court Petition

In their original state court pleadings, plaintiffs alleged

as follows:

Taylor and defendant were involved in a relationship that

led to their engagement.  During the relationship, defendant gave

gifts to Taylor's sons.  Defendant purchased new trucks for Don

and Grady.  Don's truck was titled in his name; however, because

Grady was a minor, the truck was titled in defendant's name.

Defendant also purchased a horse trailer as a gift for Don and

titled the trailer in Don's name.

In January 2014, Taylor learned that defendant's adult son

had been assaulting M.D.T.  When Taylor told defendant, he

threatened Taylor that it would be bad for her family if she ever

told anyone about the assaults.  Taylor became concerned for the

safety of herself and her children, and the relationship between

Taylor and defendant soon ended.

After the relationship ended, defendant continued to

threaten plaintiffs.  One threat involved the return of the two

trucks defendant had given Don and Grady.  Fearful for their

3

safety, Don and Grady returned the trucks.  Plaintiffs believed
defendant sold the trucks without the permission of either Don or
Grady, and, although Don's truck was titled in his name, Don did
not transfer title to anyone.  After the return of the trucks,
defendant engaged in more threats and demanded the return of two
Honda four-wheelers he had given Taylor and M.D.T.  Taylor did
not comply.

Don later entered into an agreement with a trailer company,
Wayne Hodges Trailers ("Hodges"), to sell a horse trailer that
belonged to him and to which he held title.  The trailer company
sold the trailer for Don.  However, upon learning of the sale,
defendant, through his attorney, in May 2014 sent a demand letter
to the trailer company, instructing them not to pay Don the
proceeds from the sale of the trailer and threatening legal
action if the company did so.

In May 2014, defendant sent two men to Texas to stalk,
harass, and frighten Taylor and her children.  The men parked in
front of Taylor's house and watched and photographed Taylor and
her children.  The men also told Taylor's neighbors that she had
stolen property and they were there to photograph and retrieve
the stolen property.  Taylor feared for her safety and the safety
of her children.

4

Plaintiffs asserted claims against defendant for conversion and promissory estoppel as a result of defendant's actions concerning the trucks, defamation, tortious interference with contract regarding defendant's communications with Hodges, assault, offensive physical contact, and intentional infliction of emotional distress.  Plaintiffs also sought declarations that Don was the rightful owner of the trailer, that he was solely entitled to the proceeds from the sale of such trailer, and that Taylor and M.D.T. were the rightful owners of the four-wheelers.

The first amended complaint, filed July 2, 2014, was not different in any meaningful way from plaintiffs' state court pleadings, with the exception of facts alleging federal jurisdiction and venue.

B.    Proposed Second Amended Complaint

Plaintiffs' proposed second amended complaint is virtually unchanged from the first amended complaint, with the exception of naming Hodges as a defendant and adding claims against Hodges for breach of contract, promissory estoppel, and breach of fiduciary duty.

III.

### Grounds of Plaintiffs' Motion to Amend and Nature of Defendant's Response

Plaintiffs argue that Rule 15(a)(2) of the Federal Rules of Civil Procedure requires that leave to amend should be freely given when justice so requires. Here, plaintiffs maintained that defendant will not be prejudiced by the amended pleading, the court will not be substantially burdened by any delay that the amended complaint might cause, the motion is not brought in bad faith or to cause undue delay, and it was filed within the deadline set by the court's scheduling order.

Defendant argues against the amendment on the grounds that: it is apparent that the sole purpose of adding Hodges is to defeat diversity; plaintiffs knew about Hodges from the inception of this litigation and hence the instant motion is untimely; Hodges has filed an interpleader action in state court and is thus not a necessary party to this action; and, the equities weigh against allowing the amendment.

IV.

### Analysis

Rule 15(a) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." Fed. R. Civ. P. 15(a)(2). However,

6

leave is not automatic, and is at the discretion of the court. Moore v. Manns, 732 F.3d 454, 456 (5th Cir. 2013) (per curiam). Further, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). The court should scrutinize an amended pleading that seeks to join a non-diverse defendant more closely than an ordinary amended pleading. Moore, 732 F.3d at 456. The court should consider several factors in deciding whether to allow leave under such circumstances, including "the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether plaintiff has been dilatory in asking for amendment, whether plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities." Id. (quoting Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987)) (internal quotation marks omitted).

A.   First Factor

When analyzing whether the purpose of a proposed amended complaint is to defeat diversity, the court should consider "whether the plaintiff[ ] knew or should have known the identity of the non-diverse defendant when the state court complaint was filed." Priester v. Long Beach Mortg. Co., No. 4:10CV641, 2011

WL 6116481, at *2 (E.D. Tex. Dec. 8, 2011) (adopting report and recommendation) aff'd sub nom. Priester v. JP Morgan Chase Bank, N.A., 708 F.3d 667 (5th Cir. 2013) (quotation marks and citation omitted).   Here, there is no question that plaintiffs were aware of the actions taken by Hodges at the time they filed their state could petition.   This is evidenced by the pleadings themselves: the factual allegations in plaintiffs' state court petition pertaining to Hodges are virtually identical to those alleged in the proposed amended complaint.

Plaintiffs argue that the first factor also requires a consideration as to whether the proposed amended complaint presents a valid cause of action against the prospective defendant.   See Tillman v. CSX Transp., Inc., 929 F.2d 1023, 1029 (5th Cir. 1991).[2]   Plaintiffs in the proposed amended complaint asserted claims against Hodges for breach of contract and breach of fiduciary duty.   In Texas, "[t]he elements of a breach of fiduciary duty claim are: (1) a fiduciary relationship between the plaintiff and defendant; (2) the defendant must have breached his fiduciary duty to the plaintiff; and (3) the defendant's breach must result in injury to the plaintiff or benefit to the

---

[2]All of plaintiffs arguments discussed in this memorandum opinion and order were raised in plaintiffs' reply brief. "Arguments raised for the first time in a reply brief, . . . are waived." Cavazos v. JP Morgan Chase Bank Nat. Ass'n, 388 F. App'x 398, 399 (5th Cir. 2010) (per curiam). Nevertheless, even considering the merits of the arguments raised in the reply brief, however, the court still finds plaintiffs' Motion to Amend should be denied.

defendant." <u>Navigant Consulting, Inc. v. Wilkinson</u>, 508 F.3d
277, 283 (5th Cir. 2007).  To prove a breach of contract under
Texas law requires the plaintiff to show (1) the existence of a
valid contract; (2) the plaintiff performed or tendered
performance under the contract; (3) the defendant breached the
contract; and, (4) plaintiff was damaged as a result of the
breach.  <u>Smith Int'l., Inc. v. Egle Group, LLC</u>, 490 F.3d 380, 387
(5th Cir. 2007).

Defendant attached to his response the affidavit of Chris
Hodges, an employee of Hodges, which avers that Don brought a
horse trailer to Hodges, and that "[t]he title showed the owner
to be Donald Payne.  <u>Wayne Hodges Trailer Sales, Inc. sold the</u>
<u>trailer as requested.  A check was issued made payable to Donald</u>
<u>Payne and sent to the address on the trailer title.</u>"  Def.'s
Resp. in Opp'n to Pls.' Mot. for Leave to File Second Am. Compl.,
Ex. A at 5 (emphasis added).  Plaintiffs attached to their reply
brief a letter from plaintiffs' counsel to Hodges dated May 23,
2014, wherein counsel stated:

> Donald Payne asked you to sell his horse trailer
> on consignment.  <u>You have completed that sale and</u>
> <u>issued check #19099 payable to Donald Payne</u>.  However,
> Donald Payne's mailing and residential address is no
> longer the same address as on the title.  Due to this
> Mr. Payne's recent move, the check was delivered to
> Greg Baker.

Pls'. Reply in Opp'n to Def.'s Opp'n to Pls.' Mot. to Am., Ex. 1
(emphasis added).   It thus appears from the foregoing that Hodges
did exactly what Don asked him to do: Hodges sold the trailer and
attempted to send the proceeds to Don.   That the address to which
Hodges mailed the proceeds check was incorrect does not appear to
be any fault of Hodges.   Plaintiffs do not contend they provided
a current or alternative address to Hodges, which Hodges
disregarded, nor do they allege that Hodges was aware the address
on the title was Don's former, but defendant's current,
residence.   Although the court has not performed a detailed
analysis, from the record before the court, it appears plaintiffs
could not establish the necessary elements of either of the
causes of action they seek to assert against Hodges.

For all of the foregoing reasons, the first factor weighs
against allowing plaintiffs to amend.

B.   Second Factor

As to the second factor the court should consider,
plaintiffs contend that they were not dilatory in seeking
amendment because following removal of this action, they have
attempted in good faith to settle their claims against defendant,
and only sought leave to add Hodges when it became clear that
settlement appeared unlikely.   Plaintiffs also cite to other
district court opinions that, in weighing the second factor, have

considered the amount of time between the original state court action and the request to amend, the time lapsed between removal and the motion, and the stage of the proceedings.  See, e.g., Lowe v. Singh, No. CIV.A. H-10-1811, 2010 WL 3359525, at *2 (S.D. Tex. Aug. 23, 2010).

The court is not persuaded.  As discussed above, plaintiffs were aware of all the facts pertaining to Hodges at the time they filed this action in state court on May 28, 2014, and at the time defendant removed the action on June 20, 2014.  That plaintiffs may have hoped to settle with one defendant does not explain their eight-month delay in seeking to add Hodges as a party.  If plaintiffs sincerely believed they had valid claims and causes of action to raise against Hodges, they have had ample opportunity since initiating this lawsuit to do so.

Additionally, in the months since defendant removed this action to federal court, the parties have filed cross-motions to dismiss, engaged in a face-to-face settlement conference followed by a hearing before the court, and participated in mediation. The court also entered a scheduling order on December 9, 2014. Sufficient activity has occurred in this action, and enough time has elapsed, to support a conclusion that plaintiffs have been dilatory in filing the motion to amend.

11

C.    Third Factor

The third factor also supports denying plaintiffs' motion to amend.  Hodges has filed a state-court interpleader action and tendered the proceeds from the sale of the trailer into the registry of that court.  As discussed supra, the court sees little merit in the claims and causes of action plaintiffs seek to assert against Hodges.  The proceeds from the sale of the trailer are likely all that plaintiffs could expect to recover from Hodges.  Thus, plaintiffs cannot show prejudice if the court refuses to allow them to amend to add Hodges, and the third factor favors denial of plaintiffs' motion.

                              *  *  *  *

In sum, the balance of the factors that the court should consider in deciding whether to allow leave to amend a pleading that seeks to join a non-diverse defendant weighs in favor of denying plaintiffs' Motion to Amend.

D.    Motion to Remand

The sole basis of plaintiffs' motion to remand was that plaintiffs were also filing the Motion to Amend.  Because Hodges is a citizen of Texas, adding the company as a defendant would destroy diversity, the sole basis of the court's jurisdiction. Having now denied the Motion to Amend, the court is denying the motion to remand as moot.

                                12

V.

Order

Therefore,

The court ORDERS that plaintiffs' Motion to Amend, and plaintiffs' motion to remand, be, and are hereby, denied.

SIGNED March 4, 2015.

JOHN MCBRYDE
United States District Judge